# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULTAR SINGH, | 1:07-CV-00630 OWW SMS HC |
| Petitioner, | ORDER REQUIRING RESPONDENT TO SUBMIT ANSWER ADDRESSING MERITS OF PETITION |
| v. | |
| ALBERTO GONZALES, et al., | ORDER REQUIRING RESPONDENT TO SUBMIT NOTICE OF APPEARANCE |
| Respondents. | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

Petitioner is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In this case, Petitioner contends he is being indefinitely detained in violation of his substantive and procedural due process rights and Respondent's statutory authority. Petitioner further argues his detention constitutes punishment without due process of law. 28 U.S.C. § 2241(c)(3) authorizes any person to claim in federal court that he or she is being held "in custody in violation of the Constitution or laws ... of the United States." In Zadvydas v. Davis, 533 U.S. 678, 688 (2001), the Supreme Court concluded "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."  Thus, the petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at Kern

County Jail, and Kern County Jail is within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1.   Respondent SHALL FILE an ANSWER addressing the merits of the Petition within **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[2]  Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[3] may wish to respond on separate issues raised in the Petition. However, the Court will accept only one (1) "Answer."  Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition, whether formulated by Counsel for the Government or the Institution.

2.   Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order.  The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution.  The

---

[1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

[2]In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any *internal* prison policies of which a prisoner complains and is subject to.

[3]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

1    Notice is necessary to ensure that the appropriate counsel for Respondent is being

2    served by the Court.  The submission of the Notice of Appearance will terminate

3    Court service on those listed in paragraph 4.

4        3.    Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the

5    date Respondent's Answer is filed.

6        4.    The Clerk of the Court SHALL serve a copy of this Order along with a copy of the

7    Petition and all exhibits on the Office of the United States Attorney for the Eastern

8    District of California, an agent for the appropriate Correctional Institution if

9    applicable, and the United States Bureau of Prisons.

10    All motions shall be submitted on the record and briefs filed without oral argument unless

11    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

12    applicable to this order.

13

14    IT IS SO ORDERED.

15    **Dated:    June 4, 2007**                          **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28